UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21662-MD

FELISHA WILLIAMS,

    Plaintiff,

v.

MIAMI-DADE COUNTY and
CITY OF MIAMI BEACH,

    Defendants.
_____/

## DEFENDANT CITY OF MIAMI BEACH'S MOTION TO DISMISS

Defendant, City of Miami Beach ("City"), moves to dismiss the claims raised against it in Plaintiff's Complaint [ECF No. 1][1] under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim.

## CASE HISTORY

This is the fourth attempt by *pro se* Plaintiff, Felisha Williams ("Plaintiff"), to bring an action on the same nucleus of operative allegations against the City and Miami-Dade County

---

[1] Plaintiff's Complaint sets forth seven (7) "claims for relief" in a confusing and disorganized manner. For instance, there are two counts with the roman numeral "VI." *See* Compl. at 6. The City will refer to the conspiracy to violate civil rights claim on page 6 of the Complaint as "the first Count VI" and the municipal liability claim on pages 6–7 of the Complaint as "the second Count VI." Additionally, rather than using continuous numbering for the paragraphs in the Complaint, she restarts each section with paragraph 1, resulting in eleven (1) paragraphs numbered "1," and so on.

Despite the confusing and disorganized nature of the Complaint, this motion will address each "Count" while noting that most counts reference "defendants" without differentiating between any of the two named defendants, while other counts reference only non-party police officers.

1

("County") relating to the conduct of non-party **_County_** (not City) Police Officers Terrell Jones and "S. Simon" based on an alleged incident on October 19, 2022. The other three actions were materially identical to each other. Two were originally filed in the United States District Court for the Southern District of Florida on October 1, 2024.[2] Those actions were dismissed on October 2, 2024, and October 3, 2024.[3] The third complaint was originally filed in state court but was timely removed by the City and dismissed by the Court on March 14, 2025.[4]

This case brings the same claims asserted in the prior dismissed actions. This motion will draw substantially from the Order of Dismissal entered by Chief Judge Altonaga on October 2, 2024 (and cited with approval by Judge Ruiz on October 3, 2024), while adding additional argument as to the new claim as well as selected other Counts.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To meet this "plausibility standard," a plaintiff

---

[2] *Felisha Williams v. Miami-Dade County et al.*, No. 24-cv-23784-CMA (S.D. Fla.) (the "Altonaga Case"), and *Felisha Williams v. Miami-Dade County et al.*, No. 24-cv-23789-RAR (S.D. Fla.) (the "Ruiz Case"). The Complaint in the Altonaga Case is attached as **Exhibit 1**, and the Complaint in the Ruiz Case is attached as **Exhibit 2**.

[3] The Order of Dismissal in the Altonaga Case is attached as **Exhibit 3**, and the Order of Dismissal in the Ruiz Case is attached as **Exhibit 4**.

[4] *Felisha Williams v. Miami-Dade County et al.*, No. 24-cv-24003-RKA (S.D. Fla.) (the "Altman Case"). The Complaint in the Altman Case is attached as **Exhibit 5**, and the paperless Order of Dismissal is attached **Exhibit 6**.

must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007); *see Jackson v. Bell South Telecomm.*, 372 F.3d 1250, 1262–63 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

Thus, pursuant to *Iqbal*/*Twombly*, the burden is on Plaintiff to demonstrate the plausibility of her claims on the face of the Complaint by identifying facts that support the existence of the City's alleged wrongdoing. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679–80.

## II. ANALYSIS

### A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS AN IMPERMISSIBLE SHOTGUN PLEADING

As a threshold matter, Plaintiff's Complaint should be dismissed as a shotgun pleading, as recognized by both Chief Judge Altonaga and Judge Ruiz.

The Eleventh Circuit has identified four categories of shotgun pleadings, the "most common" one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). A second type of shotgun pleading is one that suffers from "the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. A third type fails to "separat[e] into a different count each cause of action or claim for relief," *id*. at 1323, and a fourth type "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or

omissions, or which of the defendants the claim is brought against." *Id*.

The unifying characteristic of all types of shotgun pleadings is that they fail, to one degree or another, to give a defendant adequate notice of the claims against it. *Id*. A plaintiff must state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." But "short and plain" does not mean threadbare. *See, e.g.*, *Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 663.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018); *Garnett v. Morshedian*, No. 22-cv-23543-ALTMAN, 2023 WL 8644624, at *2 (S.D. Fla. Dec. 14, 2023); *see also Jackson v. Bank of America N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("[W]e have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

In the instant case, Plaintiff's Complaint is of the shotgun variety under all four *Weiland* categories and should be dismissed. The Complaint does not give the City "adequate notice" of which of its (as opposed to the County's or the non-party County police officers') actions allegedly gave rise to liability because the respective counts do not re-allege any specific facts. Plaintiff fails to even attempt to apply individual facts to individual claims or individual defendants. Rather, Plaintiff incorporates the same eight facts in each of the seven claims. Likewise, Plaintiff refers to "defendants" generally throughout the counts (except for Counts I, III & IV, which appear to be focused solely on the non-party County officers).

Essentially, each count relies upon the *same* general allegations presented in the Complaint. As such, the Complaint makes it extraordinary difficult to discern which factual allegations Plaintiff intends to use to support each of her distinct and separate causes of action. *See Sledge v.*

*Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."). Therefore, the Complaint's improper pleading practice violates Rules 8 and 10 of the Federal Rules of Civil Procedure and should be dismissed for this reason.

Additionally, Plaintiff commits the "venial sin" identified as *Weiland*'s second category because her Complaint is replete with conclusory and vague statements masquerading as facts. *Cf. Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading' and is subject to dismissal."). These deficiencies are discussed in greater detail below.

Judge Altonaga construed a materially indistinguishable version of these facts and dismissed them on shotgun pleading grounds. This Court should do the same.

**B.     COUNTS I, II, III, AND THE SECOND COUNT VI AGAINST THE CITY SHOULD BE DISMISSED**

With respect to her four[5] claims brought under 42 U.S.C. § 1983,[6] Plaintiff presumably hopes to set forth four *Monell* liability claims against the City. Each attempt fails because Plaintiff fails to state a cause of action. In fact, Plaintiff does not allege any facts that would show *Monell* municipal liability. *See Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

---

[5] As noted above, Count I appears to be focused only on the non-party County police officers, but the City addresses the count in an abundance of caution.

[6] 42 U.S.C. § 1983 provides a civil remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws" by a "person . . . [acting] under color of any statute, ordinance, regulation, custom, or usage[] of any State or Territory or the District of Columbia[.]"

"The Supreme Court has placed strict limitations on municipal liability under § 1983." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). It is well-settled that a municipality, like the City, may ***not*** be held vicariously liable for the acts of its employees based on *respondeat superior* under Section 1983. Rather, Plaintiff must allege facts demonstrating he suffered a deprivation of his rights pursuant to a policy or custom authorized by a City final policymaker, which was the moving force behind the deprivation. *See Monell*, 436 U.S. at 694 (concluding that Section 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"). Following *Monell*, a plaintiff must allege facts establishing three elements to establish Section 1983 municipal liability: "(1) that his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Municipal liability "attaches only when a constitutional violation is caused by a municipal policy or custom." *Duran v. Feldman*, No. 2:16-CV-14301-ROSENBERG/LYNCH, 2017 WL 1366325, at *4 (S.D. Fla. Apr. 14, 2017) (citing *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)); *see also Rodriguez v. Quinones*, 508 F. Supp. 3d 1198 (S.D. Fla. 2020) ("The plaintiff bears the burden of establishing the causal link between a government policy or custom and the alleged injury.").

1. Plaintiff's Allegations Do Not Satisfy *Monell*'s Second Prong

Assuming without admitting that Plaintiff has alleged any violation of her constitutional rights, she still has not pled a City custom or policy that constitutes deliberate indifference. To allege a custom or policy, a plaintiff must plead either (1) an officially promulgated policy or (2)

6

an unofficial custom of practice shown through the repeated acts of a final policymaker. *Grech*, 335 F.3d at 1329. "To plausibly allege an unofficial custom or practice of deliberate indifference, Plaintiff must first show a 'persistent and widespread practice' of constitutional deprivations." *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986); *see also*, *e.g., Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1327 (S.D. Fla. 2018) (dismissing *Monell* claim for failure to allege any other incidents of unconstitutional conduct).

A pattern of similar constitutional violations is necessary because a single violation is not so pervasive as to amount to a custom. *Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 892–93 (11th Cir. 2016); *see also Rosario v. Miami-Dade Cnty.*, 490 F. Supp. 2d 1213, 1225 (S.D. Fla. 2007) (dismissing claim against MDC where plaintiffs "failed to allege any facts" indicating a widespread practice); *Springman v. City of Venice,* 439 F. App'x 861, 865 (11th Cir. 2011) (affirming order granting city's motion to dismiss).

Following *Monell*, Plaintiff's facts are wholly insufficient. Plaintiff has not alleged the existence of any official City policy. Nor does the Complaint contain facts showing an unofficial custom or practice. *Cf. Wade v. City of Miami Beach*, 565 F. Supp. 3d 1248, 1252 (S.D. Fla. 2021) (holding plaintiff failed to adequately allege "a repeated, widespread unofficial custom sufficient to survive a motion to dismiss"); *see also Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2008 WL 686958, at *13 (S.D. Fla. Mar. 13, 2008) (Huck, J.) ("Plaintiff has not presented one incident of past misconduct which would have put the City on notice of a need for improved training or supervision. In sum, there are no allegations supporting a claim that there was a history of widespread abuse." (quoting *Hall v. Smith*, No. 05-68J25MMH, 2005 WL 1871144, at *4 (M.D. Fla. July 27, 2005), *aff'd*, 170 F. App'x 105 (11th Cir. 2006)); *Sanchez v. Miami-Dade Cnty.*, No. 06-21717-CIV, 2007 WL 1746190, at *3 (S.D. Fla. Mar. 28, 2007) (noting the absence of any

"specifics" that could establish an unofficial custom or practice).

The facts at hand are comparable to that in *Rosario*, where the court dismissed a *Monell* claim because the plaintiffs failed to allege facts beyond their own incident and thus did not demonstrate that such actions are part of a widespread practice. *Rosario*, 490 F. Supp. 2d at 1224–25. Here, too, the Section 1983 claims against the City should be dismissed because Plaintiff does not allege any other incidents, much less any incidents with similar facts to show a prior pattern of mistreatment. Likewise, in *Springman*, the Eleventh Circuit affirmed dismissal of a complaint because the plaintiff's theory of a widespread policy, but which was only based on allegations of only two prior incidents, was insufficient. *Springman*, 439 F. App'x at 865 ("These facts fall far short of stating a plausible claim that the arrests or prosecutions violated Springman's constitutional rights."). *Springman*'s logic applies *a fortiori* here, where Plaintiff fails to cite *any* prior incidents.

In addition to identifying a pattern or practice, Plaintiff must show that City policymakers had notice of this pattern or practice sufficient to show that the City "kn[ew] or should have known that corrective measures are needed." *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1172 (11th Cir. 1995). Plaintiff, however, fails to identify any City final policymaker. *Cf. Rosario*, 490 F. Supp. 2d at 1221–24. Along with failing to allege a prior pattern of widespread pattern of analogous meritorious excessive force violations, Plaintiff also fails to identify any final policymaking authority. *See, e.g., Hazel v. Sch. Bd. of Dade Cnty., Fla.*, 7 F. Supp. 2d 1349, 1354–55 (S.D. Fla. 1998) (dismissing section 1983 claim against municipality where, among other fatal flaws, the plaintiff failed to allege any facts showing that the alleged final policymaker "ratified" the alleged acts of a municipal employee). The Complaint makes no mention of any policymaking authority who "openly or tacitly approved of the alleged actions of the police officers." *Sanchez*, 2007 WL

1746190, at *3. Furthermore, there are no allegations that support a connection or relationship between the final policymaking authority and the alleged constitutional violations. *See Williams v. City of Miami*, No. 21-23287-Civ-Scola, 2021 WL 4990005, at *4 (S.D. Fla. Oct. 27, 2021).

2. Plaintiff's Allegations Do Not Satisfy *Monell*'s Third Prong

*Monell*'s third prong is also unsatisfied because Plaintiff has not demonstrated any facially plausible theory of a causal link: the Complaint contains zero facts to establish a causal connection between the conclusory alleged Fourth Amendment violation and Plaintiff's alleged injuries. *Gurrera*, 657 F. App'x at 893 ("The custom or policy must be the 'moving force' behind the constitutional deprivation for a court to find sufficient causation." (citing *Monell*, 436 U.S. at 690–94)). Plaintiff, however, does not allege how the City's alleged failure contributed to her Fourth Amendment rights being allegedly violated. *Cf. Williams*, 2021 WL 4990005, at *5.

In sum, Plaintiff fails to satisfy *Monell*'s second and third prongs because she fails to plead facts that suggest the existence of either an official City policy or an unofficial City policy or custom approved by a policymaker that was the moving force behind her alleged injuries. As a matter of law, Counts I, II, III, and the second Count VI should be dismissed, as they fail to pass *Monell* muster.

C. **COUNT IV AGAINST THE CITY SHOULD BE DISMISSED**

Count IV seeks to state a claim for "Assault and Battery" under state law. Because of the shotgun nature of the pleading, it is not clear if the claim is even asserted against the City.[7] Moreover, since the only relevant acts underlying this Count relate to the alleged actions of Officers Jones and Simons (*see* Compl. at 5, Count IV, ¶ 2)—employee of the County, *not* the

---

[7] As noted above, Count IV appears to be focused only on the actions of the non-party County officers, but the City addresses the count in an abundance of caution.

City—the claim for Assault and Battery should be dismissed against the City. *See, e.g.*, Fla. Stat. § 768.28(9) (state subdivisions like the City "are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property").

      **D.**      **COUNT V AGAINST THE CITY SHOULD BE DISMISSED**

Count V seeks to state a claim for "Negligent Training and Supervision" under state law. The primary allegation is that the County and the City both "negligently failed to train and supervise their officers on constitutional use of force, detention, and search procedures…." Compl. at 6, Count V, ¶ 2. First of all, only the County officers—not any City employee—are alleged to have used force or conducted searches. *See* Compl. at 3–4, Factual Allegations, ¶¶ 2–4, 6. Plaintiff contends that someone from the City police department must have somehow "instructed" the County "to stop and detain her" and that an individual City detective "interrogated" her during her detention, *see id.* ¶¶ 5, 7, but these allegations are conclusory and not entitled to any presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Even if these allegations were presumed to be correct, nowhere in her Complaint does Plaintiff establish how the City knew, or should have known, of any substantially similar prior misconduct that could have made the alleged violations foreseeable. *See, e.g.*, *Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1268–69 (S.D. Fla. 2015) (dismissing negligent supervision and negligent training claims as insufficiently pled); *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 887–88 (11th Cir. 2007) (affirming dismissal of negligent supervision, retention, and training claims under Florida law); *Duran v. Feldman*, 2:16-CV-14301-ROSENBERG/LYNCH, 2017 WL 1366325, at *6–7 (S.D. Fla. Apr. 14, 2017) (dismissing

10

negligent supervision claim as insufficiently pled). Thus, she has not pled any plausible claim.

### G. THE FIRST COUNT VI AGAINST THE CITY SHOULD BE DISMISSED

The First Count VI does not state a claim against the City for Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985(3). Claims under this statute must assert that the claimant is a member of a class and that the defendants conspired to violate her civil rights because she was a member of that class. *See, e.g.*, *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); *Dean v. Warren*, 12 F.4th 1248, 1255 & n.8 (11th Cir. 2021). No such allegations are made. The First Count VI should be dismissed.

### III.  CONCLUSION

Plaintiff's Complaint is an impermissible shotgun pleading that fails to state any plausible claim for relief against the City. For the foregoing reasons, the City respectfully requests that this Court dismiss Plaintiff's Complaint.

Respectfully submitted,

RICARDO J. DOPICO, CITY ATTORNEY
CITY OF MIAMI BEACH
1700 CONVENTION CENTER DRIVE
4th FLOOR-LEGAL DEPARTMENT
MIAMI BEACH, FLORIDA 33139
TEL: (305) 673-7470
FAX: (305) 673-7002

By: */s/Freddi R. Mack*
    HENRY J. HUNNEFELD
    Deputy City Attorney
    Florida Bar No. 1003046
    henryhunnefeld@miamibeachfl.gov
    FREDDI R. MACK
    First Assistant City Attorney
    Florida Bar No. 111623
    freddimack@miamibeachfl.gov

## **CERTIFICATE OF SERVICE**

    **I CERTIFY** that a true and correct copy of the foregoing *Motion to Dismiss* was was emailed and mailed via Certified Mail this 16th day of April, 2025 to Felisha Williams, at felishawilliams1977@gmail.com, 2381 NW 132nd St., Miami, FL 33167.

                                          /s/ *Freddi R. Mack*
                                          FREDDI R. MACK