**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-21662-DAMIAN/Elfenbein

**FELISHA WILLIAMS**,

Plaintiff,

v.

**MIAMI-DADE COUNTY**, *et al*,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Felisha Williams's ("Plaintiff") Motion for Leave to File Sur-Reply to Defendant City of Miami Beach's ("Defendant") Reply in Support of its Motion to Dismiss (the "Motion"). *See* ECF No. [91]. Defendant filed a Response in Opposition to the Motion. *See* ECF No. [93]. For the reasons stated below, the Motion, **ECF No. [91]**, is **DENIED**.

Under Southern District of Florida Local Rule 7.1(c)(1), briefing on a motion ordinarily consists of the motion, response, and reply. *See* S.D. Fla. L.R. 7.1(c)(1). A reply is limited to rebuttal of matters raised in the response in opposition, and additional briefing requires leave of Court. *See id*. The Court may permit a sur-reply where a valid reason exists, such as where the reply raises a genuinely new argument that the opposing party did not have an opportunity to address. *See First Specialty Insurance Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008).

Here, Plaintiff has not established that the City's Reply raises a new argument requiring additional briefing. To the contrary, the arguments identified by Plaintiff as purportedly new are

either expressly presented in the City's Motion to Dismiss or are responsive to arguments and factual theories Plaintiff raised in her Consolidated Response. *First*, Plaintiff contends that the City newly argued that Detective Alberto Porro lacked authority to affect or participate in Plaintiff's continued detention because Miami-Dade officers conducted the initial seizure. The Court disagrees. The City's Motion to Dismiss, ECF No. [78], expressly argued that Plaintiff's own allegations establish that City officers did not effectuate the initial detention and that Detective Porro arrived only after Miami-Dade personnel detained Plaintiff. *See* ECF No. [78] at 6, 12. The City's Reply, ECF No. [87], further explains that point in response to Plaintiff's argument in her Consolidated Response, ECF No. [82], that Porro personally participated in the continuation of an existing seizure. The Reply therefore addresses an issue already raised rather than presenting a wholly new theory.

*Second*, Plaintiff contends that the City newly argued that Count II necessarily fails because Plaintiff was already detained before Detective Porro arrived. Again, this argument was raised in the City's Motion to Dismiss. *See* ECF No. [78]. The Motion expressly stated that Plaintiff's allegations demonstrate that City officers did not effectuate the initial detention and that Detective Porro arrived after Plaintiff had already been detained. *See id.* at 6, 12. Plaintiff's Consolidated Response directly addressed that contention by arguing that Count II concerns not merely the initiation of the seizure but also its continuation and duration. *See* ECF No. [82] at 3, 6, 12. The City's Reply responds to that argument and reiterates its position stated in the Motion to Dismiss. *See* ECF No. [78], [87]. The Court finds that such rebuttal does not warrant a sur-reply.

*Third*, Plaintiff contends that the City newly argued that Plaintiff was required to identify a particular final policymaker by name in the Second Amended Complaint. The Motion to Dismiss expressly contained a section entitled "Plaintiff Fails to Identify a Final Policymaker" and argued

that Plaintiff failed to identify any final policymaker for the City. *See* ECF No. [78] at 14. The Reply reiterates that argument after Plaintiff's Response asserted that she had adequately pleaded a claim. The Court therefore finds no new issue warranting additional briefing.

*Fourth*, Plaintiff contends that the City newly argued that allegations concerning inter-agency conduct cannot support a claim against the City. The City's Motion to Dismiss expressly challenged Plaintiff's reliance on prior incidents that did not involve the City of Miami Beach, explaining that two of the three alleged incidents concerned Miami-Dade County officers and conduct and therefore could not establish a policy or custom attributable to the City. *See* ECF No. [78] at 7, 14. The City's Reply addresses Plaintiff's Response, which relied upon those same incidents to argue that the municipalities were placed on notice. The Reply's further discussion of that issue constitutes rebuttal, not the introduction of a new ground for dismissal.

*Fifth*, Plaintiff contends that the City newly argued that dismissal with prejudice is mandatory because Plaintiff previously amended her pleading. The Court likewise finds that this issue was expressly raised in the City's Motion to Dismiss. *See* ECF No. [78]. The Motion repeatedly discussed Plaintiff's prior amendments, the Court's prior orders, the opportunities Plaintiff had been afforded to amend, and the City's position that dismissal with prejudice was warranted. *See id.* at 3, 8, 17. Plaintiff's Response then requested another opportunity to amend. The City's Reply responded to that request and relied upon the procedural history already addressed in the Motion to Dismiss. The City's Reply does not present a new ground for dismissal that Plaintiff had no opportunity to address. Instead, the Reply responds to the arguments Plaintiff made in opposition to the City's Motion and further explains why, in the City's view, those arguments do not cure the deficiencies identified in the Motion to Dismiss.

Courts in this District routinely decline to permit sur-replies in such circumstances. *See,*

*e.g.*, *F.T.C. v. Lalonde*, 545 F. App'x 825, 836 (11th Cir. 2013) (affirming the striking of a sur-reply where the reply did not raise new issues); *Gov't Emps. Ins. Co. v. Gomez-Cortes*, No. 20-CV-21558, 2022 WL 2173377, at *4 (S.D. Fla. June 15, 2022) (denying leave for a sur-reply where the reply responded to arguments raised in the opposition); *E.E.O.C. v. University of Miami*, No. 19-CV-23131, 2021 WL 2349490, at *2 (S.D. Fla. June 9, 2021) (denying leave where the reply responded to arguments and evidence relied upon in the opposition). Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion, **ECF No. [91]**, is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida on August 25, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

**Felisha Williams**
2381 NW 132nd St
Miami, FL 33167
305-783-0238
Email: felishawilliams1977@gmail.com
*PRO SE*