**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-21662-DAMIAN/Elfenbein

**FELISHA WILLIAMS,**

Plaintiff,

v.

**MIAMI-DADE COUNTY**, *et al*,

Defendants.
______________________________/

**ORDER**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Felisha Williams's ("Plaintiff") Motion for Leave to File a Limited Sur-Reply to Miami-Dade County and Officer Shawn Simons and Terrell Jones's ("County Defendants") Reply in Support of their Motion to Dismiss Second Amended Complaint (the "Motion"). *See* ECF No. [96]. County Defendants filed a Response in Opposition. *See* ECF No. [98]. For the reasons stated below, the Motion, **ECF No. [96]**, is **DENIED**.

Under Local Rule 7.1(c)(1), briefing on a motion ordinarily consists of the motion, response, and reply. *See* S.D. Fla. L.R. 7.1(c)(1). A reply is limited to rebuttal of matters raised in the response in opposition, and additional briefing requires leave of Court. *See id*. The Court may permit a sur-reply where a valid reason exists, such as where the reply raises a genuinely new argument that the opposing party did not have an opportunity to address. *See First Specialty Insurance Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008).

Here, Plaintiff seeks leave to address County Defendants' arguments that she abandoned her unlawful-detention and vehicle-search claims and that the force alleged was de minimis. *See*

ECF No. [96] at 1–2. The Court finds that Plaintiff has not shown that County Defendants raised a new ground for dismissal in their Reply warranting additional briefing.

Plaintiff first argues that she did not abandon her unlawful-detention claim because her Opposition addressed the duration and circumstances of her detention, including that she was not arrested or charged. *See* ECF No. [96] at 1–2. County Defendants' Motion to Dismiss already argued that Plaintiff's detention was a reasonable investigatory detention, that the circumstances supported reasonable suspicion, and that nothing alleged showed the detention lasted longer than necessary. *See* ECF No. [79] at 9–11. Plaintiff's Opposition addressed the duration and circumstances of the detention and disputed County Defendants' characterization of it. *See* ECF No. [82] at 8–9. The Reply's contention that Plaintiff did not adequately answer County Defendants' legal arguments responds to that Opposition; it does not introduce a new ground for dismissal. *See* ECF No. [94] at 3–4.

Plaintiff next argues that she addressed the vehicle-search claim by disputing the warrantless conduct and explaining that the request for consent came after the vehicle had already been damaged. *See* ECF No. [96] at 1–2. But County Defendants' Motion to Dismiss expressly argued that officers could conduct a protective search of the vehicle during a lawful investigatory stop. *See* ECF No. [79] at 12–13. Plaintiff's Opposition addressed the vehicle search and the later consent request. *See* ECF No. [82] at 12–13. The Reply's argument that Plaintiff failed to respond to the protective-search theory concerns an issue raised in the Motion to Dismiss, not a new theory first advanced in the Reply. *See* ECF No. [94] at 4.

Third, Plaintiff contends that County Defendants newly developed a "de minimis force" theory after she clarified that her battery and excessive-force allegations concerned officers grabbing her, slamming her against a vehicle, handcuffing her, and searching her. *See* ECF No.

[96] at 1–2. However, the Motion to Dismiss had already challenged the force claims, addressed the alleged force used during Plaintiff's detention, and argued that such force did not support a separate excessive-force claim. *See* ECF No. [79] at 13–15. Plaintiff then identified the physical contact on which she relied in her Opposition. *See* ECF No. [82] at 13–14. The Reply's further argument that the alleged contact was not actionable force responds to that clarification; it does not present a wholly new ground for dismissal that Plaintiff had no opportunity to address. *See* ECF No. [94] at 4–6.

The proposed sur-reply largely restates Plaintiff's arguments concerning the detention, vehicle search, and force alleged. *See* ECF No. [96-1] at 1–4. The Court can assess the sufficiency of the Parties' existing briefing without another round of argument. The Court previously denied Plaintiff's request to file a sur-reply concerning the City of Miami Beach's Motion to Dismiss after finding that the arguments identified as new had been raised in the motion or were responsive to Plaintiff's response. *See* ECF No. [95] at 1–4. Although the present Motion concerns a different sur-reply, the same principle applies: further briefing is not warranted when the sur-reply addresses issues already raised or responds to the opposing party's arguments. *See, e.g.*, *F.T.C. v. Lalonde*, 545 F. App'x 825, 836 (11th Cir. 2013) (affirming the striking of a sur-reply where the reply did not raise new issues); *Gov't Emps. Ins. Co. v. Gomez-Cortes*, No. 20-CV-21558, 2022 WL 2173377, at *4 (S.D. Fla. June 15, 2022) (denying leave for a sur-reply where the reply responded to arguments raised in the opposition); *E.E.O.C. v. University of Miami*, No. 19-CV-23131, 2021 WL 2349490, at *2 (S.D. Fla. June 9, 2021) (denying leave where the reply responded to arguments and evidence relied upon in the opposition). Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion, **ECF No. [96]**, is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida on November 24, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

**Felisha Williams**
2381 NW 132nd St
Miami, FL 33167
305-783-0238
Email: felishawilliams1977@gmail.com
*PRO SE*